UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:13-cv-23988-KMW

KAYME MARQUEZ and all other similarly
situated under 29 U.S.C. 216(B),

       Plaintiff,

v.

ALBERTO SUAREZ d/b/a CUATRO CAMINOS
CAFETERIA,

       Defendant

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, ALBERTO SUAREZ d/b/a CUATRO CAMINOS CAFETERIA ("Defendant"), hereby files its Answer and Affirmative Defenses to the First Amended Complaint ("Amended Complaint") filed by Plaintiff, KAYME MARQUEZ ("Plaintiff"), and in support thereof, states as follows:

**ANSWER**

In response to the unnumbered paragraph preceding paragraph 1 of the Amended Complaint, Defendant admits that Plaintiff purports to sue Defendant on behalf of herself and "all others similarly situated" but denies that any current or former employees are similarly situated to Plaintiff, that Plaintiff's claims have any merit, that Plaintiff has suffered any harm for which Defendant is liable, and that Plaintiff is entitled to any relief from Defendant.

CASE NO. 1:13-cv-23988-KMW

      1.      In response to paragraph 1 of the Amended Complaint, Defendant acknowledges that this Court has jurisdiction over claims arising under the Fair Labor Standards Act ("FLSA") but denies, in so far as paragraph 1 alleges or implies, that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendant.

      2.      In response to paragraph 2 of the Amended Complaint, Defendant states that it is without sufficient knowledge to admit or deny Plaintiff's county of residence and therefore denies said allegations and demands strict proof thereof.

      3.      In response to paragraph 3 of the Amended Complaint, Defendant admits it conducts business in Miami-Dade County, Florida.  Defendant states that the remaining allegations contained in paragraph 3 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations and demands strict proof thereof.

      4.      In response to paragraph 4 of the Amended Complaint, Defendant acknowledges that venue is proper in the Southern District of Florida but denies, in so far as paragraph 4 alleges or implies, that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendant.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

      In response to the unnumbered heading, which states "Count I. Federal Overtime Wage Violation," Defendant denies any allegations or implications made

CASE NO. 1:13-cv-23988-KMW

thereby, including any allegation that Defendant acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendant.

      5.      In response to paragraph 5 of the Amended Complaint, Defendant admits that Plaintiff purports to sue Defendant under federal law on behalf of herself and "other similarly situated employees" but denies that any current or former employees are similarly situated to Plaintiff, that any current or former employees have not been paid the minimum wage and/or overtime for work performed in excess of 40 hours per work week,  that Plaintiff's claims have any merit, that Plaintiff has suffered any harm for which Defendant is liable, and that Plaintiff is entitled to any relief from Defendant.

      6.      In response to paragraph 6 of the Amended Complaint, Defendant acknowledges that this Court has jurisdiction over claims arising under the FLSA but denies, in so far as paragraph 6 alleges or implies, that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendant.

      7.      In response to paragraph 7 of the Amended Complaint, Defendant states the allegations contained therein state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 7 of the Amended Complaint and demands strict proof thereof.

      8.      In response to paragraph 8 of the Amended Complaint, Defendant admits it employed Plaintiff until September 2013 but denies the remaining allegations contained therein and demands strict proof thereof.

      9.      In response to paragraph 9 of the Amended Complaint, Defendant states the allegations contained therein state legal conclusions to which no response is

required.   To the extent a response is required, Defendant denies the allegations in paragraph 9 of the Amended Complaint and demands strict proof thereof.

10.     In response to paragraph 10 of the Amended Complaint, Defendant states the allegations contained therein state legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in paragraph 10 of the Amended Complaint and demands strict proof thereof.

11.     In response to paragraph 11 of the Amended Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

12.     In response to paragraph 12 of the Amended Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

13.     In response to paragraph 13 of the Amended Complaint, Defendant acknowledges Plaintiff is seeking to recover the half time rate based on the Federal minimum wage rate for each hour worked above 40 in a week but denies, in so far as those allegations allege or imply, that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendant.   Defendant denies the remaining allegations contained therein and demands strict proof thereof.

14.     In response to paragraph 14 of the Amended Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

In response to the Wherefore Clause of Count I of the Amended Complaint, Defendant acknowledges that Plaintiff seeks a trial by jury but denies the remaining allegations contained therein, including to the extent they imply that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered

or is entitled to any amount of damages or any other relief from Defendant, and demands strict proof thereof.

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

In response to the unnumbered heading, which states "Count II. Federal Minimum Wage Violation," Defendant denies any allegations or implications made thereby, including any allegation that Defendant acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendant.

In response to the unnumbered paragraph preceding paragraph 15 of the Amended Complaint, reaffirms and reavers Defendant's prior answers to paragraphs 1 through 14 of the Amended Complaint as realleged in the unnumbered paragraph preceding paragraph 15 of the Amended Complaint.

15.     In response to paragraph 15 of the Amended Complaint, Defendant states the allegations contained therein state legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in paragraph 15 of the Amended Complaint and demands strict proof thereof.

16.     In response to paragraph 16 of the Amended Complaint, Defendant acknowledges Plaintiff is seeking to recover the difference between $3.75 per hour and the applicable minimum wage rate for each hour worked but denies, in so far as those allegations allege or imply, that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendant.   Defendant denies the remaining allegations contained therein and demands strict proof thereof.

17.     In response to paragraph 17 of the Amended Complaint, Defendant states the allegations contained therein state legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in paragraph 17 of the Amended Complaint and demands strict proof thereof.

18.     In response to paragraph 18 of the Amended Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

In response to the Wherefore Clause of Count II of the Amended Complaint, Defendant acknowledges that Plaintiff seeks a trial by jury but denies the remaining allegations contained therein, including to the extent they imply that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendant, and demands strict proof thereof.

## COUNT III. FLORIDA MINIMUM WAGE VIOLATION

In response to the unnumbered heading, which states "Count III. Florida Minimum Wage Violation," Defendant denies any allegations or implications made thereby, including any allegation that Defendant acted improperly and/or illegally against Plaintiff or that Plaintiff is entitled to any amount of damages from Defendant.

In response to the unnumbered paragraph preceding paragraph 19 of the Amended Complaint, reaffirms and reavers Defendant's prior answers to paragraphs 1 through 18 of the Amended Complaint as realleged in the unnumbered paragraph preceding paragraph 19 of the Amended Complaint.

19.     In response to paragraph 19 of the Amended Complaint, Defendant states the allegations contained therein state legal conclusions to which no response is

required.   To the extent a response is required, Defendant denies the allegations in paragraph 19 of the Amended Complaint and demands strict proof thereof.

20.     In response to paragraph 20 of the Amended Complaint, Defendant states the allegations contained therein state legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in paragraph 20 of the Amended Complaint and demands strict proof thereof.

21.     In response to paragraph 21 of the Amended Complaint, Defendant admits Plaintiff sent via certified U.S. Mail correspondence to Defendant dated November 4, 2013, which was received on November 6, 2013. Defendant states the remaining allegations contained therein state legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the remaining allegations in paragraph 21 of the Amended Complaint and demands strict proof thereof.

22.     In response to paragraph 22 of the Amended Complaint, Defendant admits the parties have been unable to resolve Plaintiff's alleged claims against Defendant but denies that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendant.  Defendant states the remaining allegations contained therein state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 22 of the Amended Complaint and demands strict proof thereof.

23.     In response to paragraph 23 of the Amended Complaint, Defendant states the allegations contained therein state legal conclusions to which no response is

required.   To the extent a response is required, Defendant denies the allegations in paragraph 23 of the Amended Complaint and demands strict proof thereof.

24.     In response to paragraph 24 of the Amended Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

25.     In response to paragraph 25 of the Amended Complaint, Defendant denies the allegations contained therein and demands strict proof thereof. In response to foot note 1 of the Amended Complaint, Defendant states the allegations contained therein state legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in foot note 1 of the Amended Complaint and demands strict proof thereof.

26.     In response to paragraph 26 of the Amended Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

In response to the Wherefore Clause of Count III of the Amended Complaint, Defendant acknowledges that Plaintiff seeks a trial by jury but denies the remaining allegations contained therein, including to the extent they imply that Defendant violated any law, acted in any improper manner toward Plaintiff, or that Plaintiff suffered or is entitled to any amount of damages or any other relief from Defendant, and demands strict proof thereof.

## GENERAL DENIAL

Defendant denies all allegations, requests for relief, captions, headings, or notes throughout the Amended Complaint that are not specifically admitted by Defendant.

## AFFIRMATIVE DEFENSES AND DEFENSES

Subject to and without waiving the above denials, Defendant alleges the following further and separate affirmative defenses and defenses:

1.      There is no enterprise coverage under the FLSA in that Defendant did not have an annual dollar volume of sales or business done of at least $500,000 for each year Plaintiff was employed by Defendant.

2.      There is no individual coverage under the FLSA in that Plaintiff (and any other individuals similarly situated) did not engage in commerce or in the production of goods for commerce.

3.      Defendant has violated no legal or contractual duty owed to Plaintiff or any other individuals allegedly similarly situated.  Therefore, Plaintiff and other individuals allegedly similarly situated are not entitled to recover against Defendant.

4.      Plaintiff and any other individuals allegedly similarly situated have been paid all wages which were due and owing and to which they were entitled to.

5.      If Plaintiff and/or any other individuals allegedly similarly situated prove that Defendant acted in violation of the FLSA or Florida Minimum Wage Act, such actions were not willful or reckless but rather in good faith and based on a reasonable belief that such actions were not in violation of the FLSA or Florida Minimum Wage Act. Thus, neither liquidated damages nor an extended statute of limitations is warranted.

6.      Plaintiff's claims and the claims of any other individuals allegedly similarly situated for unpaid wages, if any, are *de minimus*, and therefore not subject to payment and do not violate the FLSA and/or Florida Minimum Wage Act.

CASE NO. 1:13-cv-23988-KMW

7.      To the extent that Plaintiff or any other individuals allegedly similarly situated engaged in activities during alleged work time that were personal in nature, were not for the benefit of Defendant, or did not involve physical or mental exertion controlled or required by Defendant, Plaintiff's claims and the claims of any other individuals similarly situated are barred as to any alleged minimum wage/overtime not known to Defendant.

8.      Plaintiff's claims and the claims of other individuals allegedly similarly situated may be barred by the doctrine of estoppel if Plaintiff or any other individuals allegedly similarly situated fraudulently represented that they worked certain hours, Defendant paid them for those hours, and Defendant reasonably relied on those representations to its detriment.

9.      Defendant is relieved of any liability to Plaintiff and any other similarly situated individuals due to its good faith conformance and reliance on administrative regulations, written orders, rulings, approvals, or interpretations by the Administrator of the Wage/Hour Division of the Department of Labor or administrative practices or enforcement policies of such agencies.

10.     If Defendant violated the FLSA or Florida Minimum Wage Act, it is entitled to a set-off from any amount awarded based on Plaintiff or any other allegedly similarly situated individuals being compensated for hours they did not work.

11.     As Defendant's former employee, Plaintiff lacks standing to seek any equitable relief, including injunctive relief, from Defendant.

12.     Plaintiff is not an appropriate representative for the proposed class in that she is not similarly situated to those she seeks to represent.

13.     Plaintiff lacks standing to raise claims that she seeks to bring as a collective action.

14.     The type of claims that Plaintiff seeks to bring as a collective action are matters on which individual issues predominate and are not appropriate for collective treatment.

15.     Plaintiff's claims are not similar, common, or typical to those of the allegedly similarly situated individuals, and there is no basis in law or fact for a collective action.

## **RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely on such other affirmative defenses and defenses as might become available or apparent during the course of discovery, and thus, Defendant reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismissing Plaintiff's claims with prejudice and awarding Defendant its costs and reasonable attorneys' fees.

Respectfully submitted this 27th day of December 2013.

By:     /s/ Diane P. Perez
        Diane P. Perez, Esq. (41869)
        E-mail: *diane@dianeperezlaw.com*
        DIANE PEREZ, P.A.
        2332 Galiano Street, Second Floor
        Coral Gables, Florida 33134
        Telephone:  (305) 728-7224
        Facsimile:  (866) 603-5675
        Attorney for Defendant

CASE NO. 1:13-cv-23988-KMW

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2013, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

## SERVICE LIST

COUNSEL FOR PLAINTIFF
J.H. Zidell, Esq.
Email: Zabogado@aol.com
Daniel Feld, Esq.
Email: DanielFeld.esq@gmail.com
J.H. Zidell P.A.
City National Bank Building
300 71st Street #605
Miami Beach, Fla. 33141
Tel. 305-865-6766
Fax: 305-865-7167