UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-23988-CIV-WILLIAMS/TURNOFF

KAYME MARQUEZ and all others similarly
situated under 29 U.S.C. 216(B),

    Plaintiff,

v.

ALBERTO SUAREZ d/b/a CUATRO
CAMINOS CAFETERIA,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**WITH INCORPORATED MEMORANDUM OF LAW**

    Defendant ALBERTO SUAREZ d/b/a CUATRO CAMINOS CAFETERIA (**"Mr. Suarez"**) files this Motion for Summary Judgment with Incorporated Memorandum of Law against Plaintiff KAYME MARQUEZ (**"Plaintiff"**) and states:

**I.**
**BACKGROUND**

    Plaintiff filed a Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("**FLSA**"), for overtime and minimum wage and alleging violations of Florida's Minimum Wage Act, section 448.110(3), Florida Statutes ( **"FMWA"**). (*See* First Amended Complaint [D.E. 3].) Plaintiff seeks back wages, liquidated damages, and attorneys' fees. (*See* First Amended Complaint [D.E. 3].)

    Mr. Suarez owns a small, local cafeteria with one location in Miami-Dade County, Florida, that has not grossed more than $500,000 per year in the last five (5) years (which includes all the years in which Plaintiff worked there). Accordingly, Mr. Suarez is not subject to

FLSA under enterprise coverage. 29 U.S.C. § 203(s)(1)(A)(i)-(ii); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292 (11th Cir. 2011); *Guzman v. Irmadan, Inc.*, 551 F. Supp. 2d 1368 (S.D. Fla. 2008) (granting summary judgment on enterprise coverage and noting that the defendant submitted its tax returns and after plaintiff engaged in other discovery had to concede the issue of enterprise coverage because the revenue was less than $500,000.00); *Casseus v. First Eagle, L.L.C.*, 2008 WL 1782363 (S.D. Fla., Apr. 28, 2008) (granting summary judgment for defendant on lack of enterprise coverage because annual sales were less than $500,000 and noting plaintiff engaged in discovery concerning financial issues and did not file an opposition).

Whether Plaintiff would be individually covered under FLSA is not an issue in this case because Plaintiff and Mr. Suarez, by and through their counsel, agreed during the joint scheduling conference to stipulate that Plaintiff is not individually covered under FLSA. (Joint Scheduling Report [D.E. 22], ¶ 4).

Based on the foregoing, the Court should grant summary judgment in favor of Mr. Suarez and against Plaintiff for lack of subject matter jurisdiction. Further, if this motion for summary judgment is granted, the Court also should dismiss the state minimum wage claim for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367. Attached to this Motion is the Declaration of Alberto Suarez, the owner of the cafeteria at issue, and Mr. Suarez's tax returns for 2009, 2010, 2011, and 2012, which shows that Mr. Suarez's cafeteria's gross revenue is less than $500,000— i.e., approximately an average of $60,000 per year.

The Court should note that other Judges in this this district have allowed a plaintiff to conduct discovery limited to a defendant's financial matters before ruling on a motion for summary judgment for lack of enterprise coverage. *See, e.g.*, *Delisle v. LGY Corp.*, 535 F. Supp.

2d 1266 (S.D. Fla. 2008) (granting defendant's motion to limit discovery to matters related only to the Court's subject matter jurisdiction); *Lopez v. Pereyra*, 2009 WL 3586907, at *2 (S.D. Fla. 2009) (allowing plaintiff to conduct discovery on defendant's financial matters to demonstrate, if possible, a genuine issue of material fact as to enterprise coverage).

## II.
## STATEMENT OF UNDISPUTED MATERIAL FACTS

The following is Defendant's Statement of Undisputed Material Facts as supported by the Declaration of Alberto Suarez (attached hereto as Exhibit 1).

1. Mr. Suarez owns a local, Cuban-themed cafeteria named "Cuatro Caminos Cafeteria" with one location in South Florida. (Declaration of Mr. Suarez, ¶¶ 2, 3.)

2. Mr. Suarez's gross annual revenue for his sole proprietorship has never exceeded $500,000.00 in 2009, 2010, 2011, and 2012; instead, it averaged gross revenues of about $60,000.00. (Declaration of Mr. Suarez, ¶ 4.)

3. Mr. Suarez's cafeteria did not have gross revenue in excess of $500,000.00 in 2013. (Declaration of Mr. Suarez, ¶ 5.)

## III.
## MEMORANDUM OF LAW

### A.
### LEGAL STANDARD FOR GRANTING A MOTION FOR SUMMARY JUDGMENT

Summary judgment under Federal Rule Civil Procedure 56(c) is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact to be decided at trial. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be met by "showing" or "pointing out" to the Court that there are no genuine issues of material fact. *Jeffrey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (per curiam) (quoting *Celotex*, 447 U.S. at 325). Once the initial burden is met, the non-moving party must go beyond the pleadings and "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)); *see also Celotex*, 477 U.S. at 324. In so doing, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the non-moving party. *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998) (citations omitted). The Court must then decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251–52).

### B. PLAINTIFF CANNOT ESTABLISH COVERAGE UNDER FLSA

Section 207(a)(1) of the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not

> less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Simply put, FLSA requires an employer to pay overtime at a rate of one and one-half the employee's regular rate for all time worked over 40 hours in a week as long as that employee is engaged in commerce or in the production of goods for commerce. *See id.* FLSA overtime provisions apply in two circumstances: (1) when an employee is engaged in commerce or the production of goods for commerce—individual coverage; or (2) when an employee works for an enterprise engaged in commerce or in the production of goods for commerce—enterprise coverage. *Ares v. Manuel Diaz Farms, Inc.*, 318 F.3d 1054, 1056 (11th Cir. 2003). "The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce." *Kitchings v. Florida United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1292 n.25 (M.D. Fla. 2005) (citing *D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 121 (1946), and *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90 (1942)).

The first type of FLSA coverage, "individual coverage," is a non-issue in this case because Plaintiff and Mr. Suarez, by and through their counsel, stipulated said coverage is inapplicable to Plaintiff.

Under the second type of FLSA coverage, "enterprise coverage," an employee is entitled to time-and-a-half overtime pay if he or she is employed by "an enterprise engaged in commerce," as defined by section 203(s)(1)(A)(i)-(ii) of the statute. Section 203(s)(1)(A)(i)-(ii) of the FLSA provides in relevant part that an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

– 5 –
ESPINOSA | JOMARRON
ATTORNEYS AT LAW

>  (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. § 203(s)(1)(A)(i)-(ii). Thus, for an enterprise to be "engaged in commerce" for purposes of "enterprise coverage," a business must have employees handling goods or materials that have been moved in interstate commerce *and* must have annual gross volume of sales or business done in excess of $500,000. *See* 29 U.S.C. § 203(s)(1)(A); *Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 5250274, (11th Cir. 2008), aff'g *Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 1777392 * 5–6 (S.D. Fla. 2008).

To resolve this Motion, the Court must decide whether Plaintiff is covered under FLSA by "enterprise coverage." After reviewing the record in the light most favorable to Plaintiff, this Court's consideration will require a determination as to whether Mr. Suarez employed two or more employees who regularly and recurrently engaged in interstate commerce and had gross annual sales that exceeded $500,000.00 annually, particularly in the years 2011, 2012, and 2013. Given that Mr. Suarez's gross annual sales volume did not exceed $500,000.00, summary judgment is clearly appropriate here, and there is no need to argue the first element of enterprise coverage. Mr. Suarez's sworn declaration and his tax returns attached thereto clearly establish that the annual gross revenue of Mr. Suarez's company actually averaged $60,000.00, which is well below the $500,000.00 threshold of "enterprise coverage" under FLSA. Accordingly, Mr. Suarez is entitled to summary judgment on the issue of enterprise coverage.

### C.
### LACK OF SUBJECT MATTER JURISDICTION FOR STATE CLAIM

If summary judgment is granted as to Count I and II of the First Amended Complaint for Plaintiff's failure to qualify for FLSA coverage under either individual or enterprise coverage, then Plaintiff's state minimum wage claim brought under FMWA also must be dismissed for

lack of subject matter jurisdiction. The applicable statutes for subject matter jurisdiction of Plaintiff's claims are 28 U.S.C. § 1331 and §1332. Plaintiff's claim under FMWA does not qualify under § 1331 given that said claim does not seek to assert a right arising under the U.S. Constitution, federal law, or treaties to which the United States is a party to. 28 U.S.C. § 1331. Moreover, Plaintiff's claim under FMWA does not qualify under § 1332 because there exists no diversity between Mr. Suarez and Plaintiff. Finally, 28 U.S.C. § 1367 (the statute under which the FMWA claim is before this Court) requires dismissal of the FMWA claims once the federal claims are dismissed. Accordingly, if summary judgment is granted against Plaintiff's FLSA claims, summary judgment also must be granted on Plaintiff's FMWA claim because it lacks subject matter jurisdiction.

## IV.
## CONCLUSION

Based on the foregoing, summary judgment should be granted against all of Plaintiff's claims for lack of subject matter jurisdiction.

Respectfully submitted,

**ESPINOSA | JOMARRON**
4300 Biscayne Blvd., Ste. 305
Miami, FL 33137
E-mail: rviego@ejtrial.com

By: /s/ Rafael Viego III
　　　Rafael Viego III, Esq.
　　　Florida Bar No. 60967

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of this document was served via CM/ECF this 11th day of March, 2014, upon: Jamie H. Zidell, Esq., and Daniel Feld, Esq., 300 71st Street, Suite 605, Miami Beach, Florida 33141, zabogado@aol.com, danielfeld.esq.@gmail.com.

        By: /s/ Rafael Viego III
            Rafael Viego III, Esq.
            Florida Bar No. 60967