UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-23988-CIV-WILLIAMS/TURNOFF

KAYME MARQUEZ and all others similarly )
situated under 29 U.S.C. 216(B)         )
                                        )
            Plaintiff,                  )
    vs.                                 )
                                        )
                                        )
ALBERTO SUAREZ d/b/a CUATRO CAMINOS     )
CAFETERIA                               )
                                        )
            Defendants                  )
_____

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes Now Plaintiff, by and through undersigned counsel and hereby files Plaintiff's Response in opposition to Defendant's Motion for Summary Judgment and in Support thereof states as follows:

1. Defendant's Motion for Summary Judgment contends that the Defendant business is not an enterprise covered under the FLSA as the Corporate Defendant did not gross over $500,000 annually.

2. Said Motion for Summary Judgment was filed on March 11, 2014 [D.E. 27] before the parties could engage in any meaningful discovery. While Plaintiff has propounded Plaintiff's first request for admissions, interrogatories and production on February 18, 2014, Defendant has yet to answer said discovery requests. Furthermore, Plaintiff has not yet had an opportunity to take Defendant's deposition or the depositions of at least 6 witnesses as well as Defendant's accountant. At a minimum, Plaintiff would need to conduct said discovery, plus follow up discovery, in order to properly respond to Defendant's Motion for Summary Judgment.

3. Therefore, as Plaintiff has not yet had an opportunity to fully engage in discovery, Plaintiff is unable to fashion a proper response to Defendant's Motion for Summary Judgment. Therefore, Plaintiff will only be able to fashion an appropriate response to Defendant's Motion for Summary Judgment, once the Parties have concluded discovery. This will afford Plaintiff's Counsel with the opportunity to properly address the factual allegations made by Defendant in support of his Motion for Summary Judgment.

4. Pursuant to Fed R. Civ. Proc. 56 (d)(2) Plaintiff desires to conduct discovery pursuant to Fed R. Civ. Proc. 56 (d)(2). Furthermore, pursuant to Fed R. Civ. Proc. 56 (d)(1) when facts are unavailable to the nonmovant the court may "defer considering the motion or **deny it**. [Emphasis added]. At this juncture, with the exception of Plaintiff's initial discovery requests, as well as setting Defendant and witnesses for deposition on April 3, 2014,[1] the Parties have not yet engaged in discovery and additional time is needed for Plaintiff to fully develop the record in order to properly respond to Defendant's Motion for Summary Judgment.

5. Plaintiff must be afforded an opportunity to engage in discovery in order to fashion a response to Defendant's Motion for Summary Judgment. "Where there has not yet been any discovery, let alone an "adequate opportunity for discovery," summary judgment is simply not appropriate or warranted." *Corbett v. Renegade Termite & Pest Control, Inc.*, 2010 WL 3447539 (M.D. Fla. Aug. 30, 2010). In the present case, there has been no discovery, let alone adequate discovery.

6. In the case of *Jiron v. Gajova*, case number 13-21795, this Court dealt with an identical set of facts, whereby one of the Defendant's elected to file a Motion for Summary

---

[1] Said deposition notice was unilaterally noticed by Plaintiff's Counsel due to Defendant's failure to provide Plaintiff's Counsel with dates to schedule said depositions.

Judgment before the Parties could engage in discovery. In deciding Defendant's premature Motion for Summary Judgment, this Court stated:

> The Eleventh Circuit has consistently held that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *See Snook e. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988). For this reason, the courts of this circuit do not require an affidavit from a nonmoving party opposing a summary judgment motion under Rule 56(d). *Fernandez v. Bankers Nat'l Life Ins. Co*., 906 F.2d 559, 570 (11th Cir. 1990) (analyzing the former Rule 56(f), predecessor to the current Rule 56(d)). A court may deny or defer a motion for summary judgment under Rule 56(d) so long as the nonmoving party meets its "burden of calling to the district court's attention any outstanding discovery." *Snook*, 859 F.2d at 871.

Exhibit A [D.E. 35]. The Court went on to deny Defendant's Motion for Summary Judgment. Currently, the discovery cutoff is set for December 19, 2014, presumably as both parties realized that significant discovery would need to be performed in this. As the parties, have only just started the discovery process, Plaintiff has not had adequate time to develop the record in order to properly respond to Defendant's Motion for Summary Judgment and as a result, Defendant's Motion should be denied.

7. Furthermore, while Defendant relies on a self serving affidavit and tax returns, other Court's have been reluctant to rely on said records, particularly when dealing with a predominantly cash business as the one run by Defendant. *See Jia Hu Qian v. Siew Foong Hui*, 2013 WL 3009389 (S.D.N.Y. June 14, 2013) and *Garcia v. Serpe*, 2012 WL 380253 (D. Conn. Feb. 6, 2012).

## Memorandum of Law

**A**. **Summary Judgment Standard:**

"Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). Accepting this evidence as truthful, the Court must view the record and all factual inferences there from in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (citing First *Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288 (U.S. 1968)); *see also Anderson*, 477 U.S. at 247-48 ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact").

B. **Adequate Time to Conduct Discovery:**

However, a party must first be afforded a period of time to engage in discovery in order to properly respond to a motion for summary judgment.

> Where there has not yet been any discovery, let alone an "adequate opportunity for discovery," summary judgment is simply not

appropriate or warranted. As stated in *Blumel v. Mylander,* 919 F.Supp. 423, 428 (M.D.Fla.1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank,* 859 F.2d 865, 870 (11th Cir.1988).

The Eleventh Circuit expounded:

[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally, summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Id.* at 870 (internal citations omitted); *see also Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC,* No. 08–61240–CIV, 2008 WL 4613059, at *2 (S.D.Fla. Oct.15, 2008) (denying defendants' motion for summary judgment as premature in FLSA case where plaintiff was not provided adequate time to conduct discovery).

*Corbett v. Renegade Termite & Pest Control, Inc.,* 2010 WL 3447539 (M.D. Fla. Aug. 30, 2010). As noted above, Plaintiff has not been afforded an opportunity to conduct discovery, let alone adequate time to conduct discovery. Plaintiff's discovery requests have yet to be responded to and Plaintiff has not yet had an opportunity to conduct depositions in this matter.

C. **Not an issue of Subject Matter Jurisdiction:**

Defendant has filed a Motion for Summary Judgment on the basis that this Court does not have Subject Matter Jurisdiction as there is no individual or enterprise coverage. However, as articulated by Judge O'Sullivan of this District in *Rodriguez v. Diego's Rest., Inc*., 619 F. Supp.

2d 1345 (S.D. Fla. 2009) who was persuaded by the reasoning of the United States Supreme Court in *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) that an attack on individual or enterprise coverage is not an attack on this Court's subject matter jurisdiction:

> This Court is persuaded by the reasoning in *Arbaugh* that the requirement that a plaintiff establish individual or enterprise coverage is not jurisdictional. For individual coverage under the FLSA to apply, a plaintiff must show that he or she is (1) engaged in commerce or (2) engaged in the production of goods for commerce. See 29 U.S.C. § 207(a)(1). For enterprise coverage to apply, the enterprise must be engaged in commerce under the statute and must gross over $ 500,000 annually. See 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Section 216 of the FLSA states, in part, that "[a]n action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216 (b). Nothing in section 216(b) or any other provision of the FLSA indicates that Congress intended that the individual coverage or enterprise coverage restrictions be jurisdictional. Accordingly, the Court must apply the bright line rule articulated in *Arbaugh* and find that individual or enterprise coverage under the FLSA is an element of a plaintiff's claim for relief, not a jurisdictional threshold. See *Arbaugh*, 546 U.S. at 516.

*Rodriguez v. Diego's Rest., Inc.,* 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009). Therefore, Defendants cannot challenge this Court's subject matter jurisdiction on the basis that there is no individual or enterprise coverage as the Court in *Rodriguez* explained:

> The Supreme Court did not limit its holding in *Arbaugh* to Title VII cases. In fact, it articulated a bright line rule that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh*, 546 U.S. at 516. Several courts have applied the *Arbaugh* bright line test in the context of the FLSA. See *Chao v. Hotel Oasis, Inc.*, 493 F. 3d 26, 31-32 (1st Cir. 2007) (relying on *Arbaugh* and finding that the $500,000 minimum gross sales element of the FLSA was not jurisdictional); *Branham v. Halsted Home Rental, LLC*, No. 07-1133-M, 2008 U.S. Dist. LEXIS 29837, 2008 WL 1745825, *2 (W.D. OK Apr. 11, 2008) (denying motion to dismiss under Rule 12(b)(1) finding that the FLSA allegations in the

> amended complaint were elements of the plaintiffs' claims for relief, not a jurisdictional issue); *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, No. 08:07-cv-2359-T-23TGW, 2008 U.S. Dist. LEXIS 23007, 2008 WL 793660, *1 n. 2 (M.D. Fla. Mar. 24, 2008) ("the FLSA's description of an employee and an enterprise covered by the statute prescribes the elements necessary to state a claim for relief under the FLSA, not the prerequisites to federal jurisdiction); *Jiang v. Lee's Happy House,* No. C07-03606, 2007 U.S. Dist. LEXIS 80861, 2007 WL 3105087, *3 (N.D. CA Oct. 23, 2007) (finding "there is nothing in the statutory provisions on which the defendants rely that plainly expresses a Congressional intent for those provisions to be jurisdictional. It may very well be that to prevail on his FLSA claim, [the plaintiff] will have to plead and prove the [defendant] falls within those provisions, but the Court has jurisdiction to hear the claim, whether or not [the plaintiff] ultimately can prevail.").

*Rodriguez v. Diego's Rest., Inc.,* 619 F. Supp. 2d 1345, 1350-1351 (S.D. Fla. 2009). As such, whether Defendant is an enterprise covered under the FLSA is not jurisdictional in nature, but is rather intertwined with the facts of the case. See *Turcios v. Delicias Hispanas Corp.,* 275 F. App'x 879, 882 (11th Cir. 2008) ("In short, the sections of the FLSA that provide the substantive relief, § § 206 and 207, are intertwined with and dependent on the section of the FLSA that defines the scope of the FLSA, § 203").

### D. Tax Records and Self Serving Affidavits:

While Defendant attempts to rely on a self serving affidavit and tax returns, other Court's have been reluctant to rely on tax returns or affidavits on dispositive issues such as whether Defendant's gross sales exceeded $500,000.

> There is substantial precedent suggesting that tax returns are not dispositive and the veracity of those documents can be questioned by a Plaintiff. *See, e.g., Monterossa v. Martinez Rest. Corp.,* 2012 WL 3890212, at *3 (S.D.N.Y. Sept. 7, 2012); *Li v. Cheng,* 2012 WL 1004852, at *5 (E.D.N.Y. Mar. 23, 2012). Furthermore, there is substantial precedent suggesting that factors other than tax returns are relevant in determining whether the $500,000 threshold is met. *See, e.g., Boekemeier v. Fourth Universalist Soc'y in the City of New York,* 86 F.Supp.2d 280, 282–83 (S.D.N.Y.2000);

> *Solis v. Cindy's Total Care, Inc.,* 2012 WL 28141, at *13 (S.D.N.Y. Jan. 5, 2012); *Francois v. Fried Green Tomatoes,* 306 Fed.Appx. 443, 445 (11th Cir.2008).

*Jia Hu Qian v. Siew Foong Hui*, 2013 WL 3009389 (S.D.N.Y. June 14, 2013).

In *Garcia v. Serpe*, 2012 WL 380253 (D. Conn. Feb. 6, 2012) Defendant filed a self serving affidavit that the corporation did not gross over $500,000 annually and only produced their tax returns after they moved for summary judgment.

> The Court is not persuaded that Mr. Serpe's self-serving and conclusory affidavit is sufficient evidence to warrant granting summary judgment on the basis that the Defendant LLCs did not meet the $500,000 threshold under the FLSA. *See Gonzalez,* 2007 WL 869583, at *7 (disregarding owner's "self-serving and conclusory" statement that "I have never grossed $500,000 per year" as a basis for granting summary judgment "particularly in light of the defendants' selective reliance on tax returns").

*Garcia v. Serpe*, 2012 WL 380253 (D. Conn. Feb. 6, 2012). The Court went on to state:

> Although Defendants have not relied on any underlying financial documentation in support of their motion for summary judgment on this point, Plaintiffs have submitted evidence demonstrating that the Defendant LLCs significantly understated their income on their tax returns. Plaintiffs have asserted that the Defendant LLCs would routinely receive large amounts of cash up to $100,000 from its customers that would not be reported and that the Defendant LLCs did not report the true amount of wages worked by the Plaintiffs on their tax forms. In addition, Mr. Serpe admitted in his deposition that he would often receive cash from some of his customers. When viewing these facts in the light most favorable to the Plaintiffs, a reasonable jury could conclude that any of the Defendant LLCs had gross annual sales of $500,000 or more in any given year during the relevant periods even in light of Mr. Serpe's affidavit to the contrary. *See Francios v. Fried Green Tomatoes, Inc.,* 306 Fed. Appx. 443, 445 (11th Cir.2008) (finding that the question of whether employer had gross annual revenues of 500,000 or more was for the jury where the employer conceded that some sales were unreported and the actual amount of those undisclosed sales was uncertain. "The jury thus had to determine whether there was enough evidence to show that the restaurant's cumulative unreported sales would cover the difference between the reported gross revenues and the $500,000 FLSA threshold.").

*Garcia v. Serpe*, 2012 WL 380253 (D. Conn. Feb. 6, 2012).

In *Francois v. Fried Green Tomatoes, Inc.,* 306 F. App'x 443 (11th Cir. 2008) Defendants presented their ledgers that showed gross sales were under $500,000. Plaintiff contested these figures on the basis that not all sales were accounted for and that several employees were paid off the books. The jury agreed with Plaintiff and found that the gross annual sales exceeded $500,000. The Eleventh Circuit found the $500,000 to be a question for the jury and did not disturb the jury verdict.

However, as noted above, Plaintiff has not had an opportunity to conduct adequate discovery in the present case and respectfully requests that Plaintiff's Counsel be afforded adequate time to conduct discovery on this matter before being required to file a substantive response to Defendant's Motion for Summary Judgment.

Wherefore, Plaintiff requests that Plaintiff be given the regular course of discovery in order to respond to Defendant's Motion for Summary Judgment and that the Court deny Defendant's Motion for Summary Judgment without prejudice to be re-filed after the close of discovery.

    Respectfully submitted,

    Daniel T. Feld, Esq.
    J. H. Zidell, P.A.
    Attorneys for Plaintiff
    300-71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167

    By:__/s/ Daniel T. Feld_____
        Daniel T. Feld, Esq.
        Florida Bar No.: 0037013

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant's Motion For Summary Judgment was sent via CM/ECF to Rafael Viego III, Esq., 4300 Biscayne Blvd., Suite 305, Miami, Florida 33137, Fax: , Fax: (305) 717-7530, Email: rviego@ejtrial.com on this 14th day of March 2014.

    Daniel T. Feld, Esq.
    J. H. Zidell, P.A.
    Attorneys for Plaintiff
    300-71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167

By: _/s/_Daniel T. Feld _____
    Daniel T. Feld, Esq.
    Florida Bar Number: 0037013