UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-21795-WILLIAMS

FATIMA DEL SOCORRO
MARIN JIRON,
and all others similarly situated,

        Plaintiff,

vs.

GAJOVA, INC., d/b/a
SUNSET GARDENS III,
JOGAVA, INC., d/b/a
SUNSET GARDENS II, and
JORGE ENRIQUE VALLE,

        Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Defendant Jogava, Inc.'s Motion for Summary Judgment [D.E. 22]. For the reasons stated below, Defendant's Motion is DENIED WITHOUT PREJUDICE.

Plaintiff's Amended Complaint alleges overtime and minimum wage violations by multiple defendants under the Fair Labor Standards Act ("the FLSA") [D.E. 6]. According to the Amended Complaint, Plaintiff worked for Defendant Jogava, Inc. until 2009, when Plaintiff then was transferred to Defendant Gajova, Inc. *Id.* at ¶ 15. Plaintiff further asserts that the two corporate defendants were "joint enterprises" unified in operation for a common business purpose. *Id.* at ¶ 16.

In its Motion for Summary Judgment, Defendant Jogava, Inc. argues that the claims against it must be dismissed because they fall outside the FLSA's statute of limitations period [D.E. 22 at ¶¶ 2-4]. Defendant also asserts that it was not an

enterprise engaged in interstate commerce for purposes of the FLSA and it did not generate gross sales of $500,000, as required by 29 U.S.C. § 203(s)(1)(A)(ii). *Id.* at 9-15.

In response, Plaintiff argues that Defendant's motion is premature, because Plaintiff has not had a sufficient opportunity to engage in discovery in order to prove that Defendants Jogava and Gajova were "joint employers" for purposes of the statute, and to show that Jogava, Inc. meets the statutory requirements of a business engaged in interstate commerce [D.E. 26]. Plaintiff asks the Court to deny or defer ruling on Defendant's motion under Fed. R. Civ. P. 56(d). *Id.* Defendant, however, argues that Plaintiff's request must be rejected, and the motion for summary judgment should be granted, because Plaintiff did not submit an affidavit detailing the specific reasons why she cannot present facts essential to respond to the motion, as required by Rule 56(d) [D.E. 27].

The Eleventh Circuit has consistently held that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *See Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988). For this reason, the courts of this circuit do not require an affidavit from a nonmoving party opposing a summary judgment motion under Rule 56(d). *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1990)(analyzing the former Rule 56(f), predecessor to the current Rule 56(d)). A court may deny or defer a motion for summary judgment under Rule 56(d) so long as the nonmoving party meets its "burden of calling to the district court's attention any outstanding discovery." *Snook*, 859 F.2d at 871.

In its response in opposition, Plaintiff asserts that Defendant filed its motion for summary judgment before the parties had engaged in any discovery [D.E. 26 at ¶ 3]. According to the scheduling order in this case [D.E. 25], discovery did not begin in earnest until October 1, 2013, and the discovery period does not conclude until March 17, 2014. Given the nascent state of the case, the Court finds that Plaintiff has not been afforded a sufficient opportunity for discovery to try to establish that Defendants were "joint employers" of Plaintiff, and to show that Defendants were engaged in interstate commerce within the meaning of the FLSA. For these reasons, Defendant Jogava's Motion for Summary Judgment [D.E. 22] is DENIED WITHOUT PREJUDICE. Defendant may file a renewed motion for summary judgment after Plaintiff has had a sufficient opportunity for discovery.

DONE AND ORDERED in Chambers in Miami, Florida, this 26 day of October, 2013.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record