UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 13-23988-CIV-WILLIAMS**

KAYME MARQUEZ,

      Plaintiff,

vs.

ALBERTO SUAREZ,

      Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment (DE 27), to which Plaintiff filed a Response in Opposition (DE 42). Defendant did not file a Reply and the time to do so has passed.

**I.     Background**

Plaintiff Kayme Marquez brought this action against Defendant Alberto Suarez, doing business as Cuatro Caminos Cafeteria, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and violations of Florida's Minimum Wage Act (DE 8). Defendant has moved for summary judgment on the grounds that the Court lacks subject matter jurisdiction over this action because Defendant has not grossed more than $500,000 per year in the last five years as required for enterprise coverage under the FLSA (DE 27 at 1-2). Following the filing of Defendant's motion for summary judgment, the Court issued a limited stay to permit the parties to engage in written discovery regarding whether Defendant is subject to the provisions of the Fair Labor Standards Act (DE 31).

## II.    Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And any such dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the Court considers the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).  The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted).  At the summary judgment stage, the Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## III.    Analysis

### A. Enterprise Coverage Is Not Jurisdictional

As an initial matter, the Court finds that the requirement that a plaintiff establish enterprise coverage, by showing that Defendant grossed more than $500,000 per year, is not jurisdictional, as Defendant contends, but rather an element of a plaintiff's claim

for relief.  *See Rodriguez v. Diego's Rest., Inc.*, 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009) ("the Court . . . find[s] that individual or enterprise coverage under the FLSA is an element of a plaintiff's claim for relief, not a jurisdictional threshold.").   Numerous other courts have reached the same decision.  *See, e.g.*, *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 ("The FLSA places the ADV [annual dollar value] limitation in the definitions section of the Act, and does not suggest that the ADV limitation is jurisdictional."); *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 8:07-CV-2359T23TGW, 2008 WL 793660 n.2 (M.D. Fla. Mar. 24, 2008) ("However, the FLSA's description of an employee and an enterprise covered by the statute prescribes the elements necessary to state a claim for relief under the FLSA, not the prerequisites to federal jurisdiction"); *Williams v. Hooah Sec. Servs., LLC*, 729 F. Supp. 2d 1011, 1013-14 (W.D. Tenn. 2010) ("the Court finds that a challenge by the defendants as to whether there is individual or enterprise coverage speaks to the merits of the Plaintiffs' case rather the Court's jurisdiction over it."); *Cruthis v. Vision's*, 4:12CV244 KGB, 2013 WL 4028523 (E.D. Ark. Aug. 7, 2013) ("[I]ndividual and enterprise coverage under the FLSA are not jurisdictional requirements"); *Velez v. Vassallo*, 203 F. Supp. 2d 312, 332 (S.D.N.Y. 2002) ("The foregoing persuades this Court that resolution of the question of whether or not Defendants actually are 'an enterprise engaged in commerce' within the meaning of 29 U.S.C. § 203(s)(1) is an issue that goes to the merits of Plaintiffs' claims rather than the Court's subject matter jurisdiction.").   While the Eleventh Circuit has not directly ruled on whether enterprise coverage is a required element of a Plaintiff's claim or a jurisdictional pre-requisite, the decision in *Turcios v. Delicias Hispanas Corp.*, 275 Fed. App'x, 879, 882 (11th Cir. 2008) is instructive.   There the Eleventh Circuit found that

"the question of enterprise coverage was intertwined with the merits of an FLSA claim."
*Id.* Likewise, in *Francois v. Fried Green Tomatoes, Inc.*, 306 F. App'x 443 (11th Cir. 2008), the Eleventh Circuit, in affirming the jury verdict on an FLSA claim, noted that the "only remaining question of fact" for the jury was whether the employer, Fried Green Tomatoes, had annual gross revenues of less than $500,000 per year, suggesting that the $500,000 threshold is an element of an FLSA claim and not a jurisdictional pre-requisite.

### B. Questions Of Material Fact Preclude Summary Judgment

The Court finds that a question of material fact exists as to whether Defendant grossed more than $500,000 per year. In support of the motion for summary judgment, Defendant submitted a declaration that Cuatro Caminos Cafeteria never had a gross annual revenue of more than $500,000 in the past five years (DE 27-1 ¶ 4). Defendant also submitted copies of his 2009, 2010, 2011, and 2012 tax revenues purporting to show that Defendant's gross revenue was approximately $60,000 per year (DE 27-1).[1]

In response, Plaintiff argues that Defendant's declaration and his yearly tax returns are false and that Defendant's all-cash business had gross sales in excess of $500,000 per year (DE 42 ¶ 5). Plaintiff has submitted a notarized affidavit from Deibis Mateo, a former employee of Cuatro Caminos Cafeteria, who states that the Cafeteria operates 24 hours per day, 365 days per year (DE 42-1 ¶ 4).[2] Deibis Mateo worked for

---

[1]     The Court notes that the affidavit and tax returns are not dispositive of this issue and the veracity of those documents have been questioned by Plaintiff. *See Jia Hu Qian v. Siew Foong Hui*, 2013 WL 3009389 (S.D.N.Y. June 14, 2013); *Garcia v. Serpe*, 2012 WL 380253 (D. Conn. Feb. 6, 2012); *see also Francois v. Fried Green Tomatoes, Inc.*, 306 F. App'x 443, 445 (11th Cir. 2008) (jury could reasonably question tax returns and business ledgers to determine gross sales).

[2]     The only exception was on Christmas Eve, when the Cafeteria closed early.

Cuatro Caminos Cafeteria from approximately December 2010 through January or February 2012 (DE 42-1 ¶ 2). During that time, the Cafeteria was an all-cash business that never accepted credit cards (DE 24-1 ¶ 10). According to Deibis Mateo's affidavit, the Cuatro Caminos Cafeteria did approximately $1700 per day in sales (DE 42-1 ¶ 8). During the evening shift, which was from 3:00 p.m. until 11:00 p.m., the Cafeteria averaged $500-$600 in customer transactions (DE 24-1 ¶ 5). Likewise, during the morning shift, which was from 7:00 a.m. until 3:00 p.m., the business received on average $500-$600 in customer transactions (DE 24-1 ¶ 6). And, during the night shift, which was from 11:00 p.m. until 7:00 a.m., the Cafeteria received, on average, $700-$900 in customer transactions (DE 24-1 ¶ 6). After each shift, Deibis Mateo would confirm with the cashier how much the Cafeteria had made during that shift (DE 24-1 ¶¶ 4-6). During the time Deibis Mateo was employed, the Cafeteria had at least 10 other employees (DE 24-1 ¶ 9).

Plaintiff also submitted her own notarized affidavit (DE 42-2). In her affidavit, Plaintiff confirms the estimated amount of daily customer transactions, the number of employees, the Cafeteria's operating hours, and that the Cafeteria did not accept credit cards (DE 42-2). Plaintiff identifies ten other employees who were paid $30 per day and worked an average of six days per week (DE 42-2 ¶ 11). Thus, based on the average sales done per day, as sworn to by Deibis and Plaintiff, Defendant grossed more than $500,000 annually (DE 24 ¶ 15).[3]

---

[3]     In addition, Plaintiff has submitted to the Court numerous receipts and other documents obtained through discovery which, coupled with the affidavits submitted by Plaintiff, strongly suggest the tax returns are inaccurate and that Defendant's business grosses substantially more revenue than Defendant claims (DE 24).

Viewing all the evidence and drawing all factual inferences in the light most favorable to Plaintiff, the Court finds that a question of material fact exists as to whether Defendant's annual gross revenue was less than $500,000 per year.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (DE 27) is **DENIED.** The Parties are **ORDERED** to submit a revised Joint Scheduling Report by **September 12, 2014.**

**DONE AND ORDERED** in chambers in Miami, Florida, this 20 day of August, 2014.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE